# 7254

H. F. HINRICHS

    VS

N O. 7254

ED..ONDS REALTY & INVESTMENT

COMPANY

CHARLES F. CLAIBORNE, JUDGE.

March 11th. 1918.

45

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff, a building contractor, sues the defendant for a balance due on two building contracts.

He alleges that on June 3rd. 1914 he made a contract with the defendant to build a double two story dwelling on lots designated as Nos. 1109-1111 Fern Street, for the price of $5,300.00; that he performed his contract; that defendant paid him on account of this contract $5,180.00, leaving a balance due thereon of $120.00;

That he also executed the following extra work:

| | |
|---|---|
| Chain wall and paving shed | $ 44.10 |
| 2 Flue thimbles | 3.00 |
| 2 Clay crocks | 3.00 |
| Brass house-numbers | 2.00 |
| Wheeling filling | 6.15 |
| Grade certificate | 2.50 |
| Changing florentine glass | 2.50 |
| Total | $ 63.25 |

That there is also due him a balance for extra work on a previous contract for the buildings Nos. 1101-3-5--7 Fern Street, as follows:

| | |
|---|---|
| Surveyor's plan | $ 9.70 |
| Filling as agreed | 25.00 |
| Changing stain to white | 40.72 |
| Receptacles in base boards | 18.00 |
| Painting 8 mantels | 12.00 |
| China case in kitchen | 12.00 |
| Wash bench | 2.25 |
| 4 Flue thimbles | 6.00 |
| Brass house-numbers | 4.00 |
| Total | $129.67 |
| Amount claimed for extra work *above* | 63.25 |
| | $192.92 |
| Balance claim on main contract | 120.00 |
| Making a total of | $312.92 |

for which plaintiff claims judgment against defendant.

Defendant admits owing the plaintiff a balance of $120.00 upon the main contract, but denies owing $192.92 for extra work.

Assuming the character of plaintiff in reconvention

46

defendant avers that according to the contract sued on plaintiff was to have completed the buildings before September 30th. 1914; that they were not completed and delivered to defendant nor accepted by it until November 15th. 1914; that the renting season in this City begins on October 1st, of each year; that the buildings "were to be rented and would have been rented at a monthly rental of $37.50 per side", by which he lost $102.00; that plaintiff failed to connect the plumbing with the meter for which he had to pay $6.00; making the sum of $108.00 which the defendant claims in reconvention. Defendant therefore admitted owing the plaintiff, in full settlement, a balance of $12.00 which it tendered.

There was judgment in favor of plaintiff for $120.00 rejecting his demand for extra work; and judgment against the defendant rejecting its reconventional demand.

The reasons given by the judge were that "the evidence showed that the houses were finished within the time agreed on", and that the reconventional demand was "an afterthought and not supported by evidence/" The judge denied the claim for extra work upon the ground that "it was made in the face of a stipulation of the first contract that no charges for extra work would be allowed unless ordered in writing before the extra work was done", and that plaintiff offered no writing.

Plaintiff has appealed.

Defendant has joined in the appeal praying for judgment on his reconventional demand.

Plaintiff's claim for a balance of $120.00 upon the main contract being admitted, the only two questions in controversy are 1st. whether plaintiff can claim for extra work notwithstanding the following stipulation in the two contracts:

"Art III. It is furthermore agreed, that during the progress of the work, should the owner, architect or agent, desire any alteration, same shall be made at a reasonable rate, added to, or deducted from the original contract cost, and shall not be binding unless submitted, in writing, by the contractor to the owner, architect or agent, and the consent of the owner, architect or agent obtained thereto in writing."

47

_I_ Articles 2763 and 2764 of the Civr provide that an undertaker, working under a plot agreed on, cannot claim an increase of the price agreed on, on the plea that the original plot has been changed, unless he can prove that the changes have been made in compliance with the wishes of the owner. But an exception is made to this rule, whenever the change is so great that it could not have escaped the knowledge of the owner, or whenever it was necessary and had not been foreseen, 5 M 386-2 La 490-4 La. 101-5R 180-181-9R 404-10R 97-23A 709-4R 399-12A 621.

It has been decided that parole evidence is admissible to prove a verbal agreement to alter the original written contract. 2A 490-4La 30-10R 95- 1 H. D. p 540-G 1-1 L. D. p 252-34A 517-36A 121-37A 254-113 La. 1057-101 U. S. 522-2 Evans Pothier 158.

But is was also decided that when the building contract provided that "no extra was to be admitted unless executed under written authority" no parole testimony could be admitted for extra work. 27A 116-49A 991-51A 285 (289).

But the strictness of the above decision was modified in Wellman vs Smith 114 La. 230-231 so as to adopt itself to the letter and spirit of Article 2764. We are bound to follow it and to hold that notwithstanding a clause in a building contract providing that no claim for extra work shall be made or paid unless the extra work was ordered in writing, an undertaker may prove by parole and will recover for extra work, when it is shown that the owner was aware of the work and made no objections to it, however dangerous such a doctrine might prove to owners, who see the work being done, but have no idea that it is extra, or will be charged for, over and above the contract price.

The plaintiff had proved each and every item of his claim for extras on the two contracts and the knowledge of the defendant.

But as relates to his claim for extras on the houses Nos. 1101-1107 Fern Street for $129.67 we do not think he is entitled to it, except to $2.25 for a bench ordered on August 5th. 1914. These houses were delivered sixty days after the time agreed

upon. On May 20th, 1914 a check for $1620.00 to his order was delivered to plaintiff who endorsed and collected it. On the face of it were written the words: " Fifth and final payment contract of December 2nd. 1913. At that time plaintiff made no claim for extras. It was only nearly a year after, when this suit was filed; that the extras were claimed. No mention was made, in the petition herein of the first contract; but the suit was based exclusively upon the second contract of June 3rd. 1914.

The President of the defendant Company testifies to a conversation with the plaintiff on the occasion of giving this check that the plaintiff received it in full payment and in satisfaction of each others claim. The plaintiff did not deny this conversation.

But the plaintiff is entitled to recover the extras on the buildings 1109-1111 Fern Street amounting to $63.25.

The defendant has not established his reconventional demand to our satisfaction.

We are not convinced that the building was not ready for delivery on September 30th. Plaintiff says he tendered it on that day and delivered the keys to defendant's agent on October 1st. under defendant's instructions.

Defendant denies this; "so far as he knows he didn't get them." But defendant did not make demand upon the plaintiff for delivery of the buildings or the keys. Perhaps if he had done so, he would have obtained both. Although the buildings might not have been completely finished, they might have been sufficiently so to permit tenants to take possession. Defendant's agent says he got the keys only on October 6th. But nothing shows that plaintiff was aksed to deliver them earlier. Under ordinary circumstances, a substantial compliance was all that could be required of plaintiff. 114 La. 21.

But it was not sufficient for defendant to show that plaintiff was dilatory in delivering the property. The burden was upon it to show that, if delivered, the building could have been rented. 28A 892. The evidence on that subject is based on belief only.

49

The evidence does not satisfy us that it was plaintiff's duty under the contract to connect the plumbing with the meter.

It is therefore ordered that the judgment in favor of plaintiff be increased from one hundred and twenty dollars to one hundred and eighty-five 50/100 dollars with legal interest from April 6th. 1915 till paid and all costs of suit, and as thus amended that it be affirmed.

Judgment amended in favor of plaintiff.

March 11th. 1918.